IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VANESSA ALMEIDA,

    Plaintiff,

v.                                               No. 1:25-cv-00734-SCY

FRANK BRANCH and
CODY BOSWELL,

    Defendants.

**ORDER FOR AMENDED COMPLAINT**
**AND ORDER TO FILE APPLICATION TO PROCEED *IN FORMA PAUPERIS***

*Pro se* Plaintiff asserts Defendants, both of whom are New Mexico State Police Officers, "unreasonably disregarded an excessive risk to" the safety of Plaintiff's 14-year-old daughter and failed to protect her daughter from physical assault. Complaint at 1, Doc. 1, filed August 4, 2025. There are no other factual allegations in the Complaint.

**Order for Amended Complaint**

Plaintiff requests that the Court provide Plaintiff with a complaint form. *See* Complaint at 2. The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023-WL-4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, it appears Plaintiff is asserting claims on behalf of her minor daughter. Plaintiff may not assert claims *pro se* on behalf of her daughter because Plaintiff is not an attorney authorized to practice in this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.

2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

Second, the Complaint does not contain allegations describing what Defendants did to Plaintiff or identify what claims Plaintiff is asserting against Defendants. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis in original).

Third, the Complaint contains the name of Plaintiff's minor daughter. Rule 5.2(a) of the Federal Rules of Civil Procedure requires that papers filed with the Court may only include a minor's initials, not the minor's name. *See* Fed. R. Civ. P. 5.2(a) (listing other information that may not be included in filed papers). Plaintiff may include her daughter's initials in papers filed with the Court but shall not include her daughter's name, birth date, social security number, taxpayer-identification number, or any financial-account numbers.

The Court orders Plaintiff to file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 8(a) (a complaint must contain a short and plain statement of the claim showing that plaintiff is entitled to relief and a demand for the relief sought).

**Order to File Application to Proceed *In Forma Pauperis***

Plaintiff states she is "indigent and living under 'the very low income' bracket of society" and requests that the Court provide Plaintiff with an Application to proceed *in forma pauperis*. *See* Complaint at 2.

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Because Plaintiff states she is indigent and has requested an Application to proceed *in forma pauperis*, the Court orders Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint and an Application to proceed *in forma pauperis*. The Court will address service after this Order is resolved.

**Case Management**

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

3

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(ii) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file an Application *or* failure to follow all instructions in the Long Form Application may result in denial of Plaintiff's request to proceed *in forma pauperis*.

(iii) The Clerk shall send to Plaintiff, together with a copy of this Order: (a) a copy of the Guide for Pro Se Litigants which includes the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983;" and (ii) an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

_____
**UNITED STATES MAGISTRATE JUDGE**

5